IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY E. SATTERWHITE | § | |
| | § | |
| v. | § | C.A. NO. MC-07-55 |
| | § | |
| JAMES H. DAVIS | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION TO PROCEED
<u>IN FORMA PAUPERIS</u> AND TO DISMISS PLAINTIFF'S ACTION**

Johnny E. Satterwhite, plaintiff, proceeding <u>pro se</u>, has filed an action against defendant James H. Davis alleging fraud and misrepresentation. Pending is his application to proceed <u>in forma pauperis</u> in this action. (D.E. 1).

For the reasons stated herein, it is respectfully recommended that plaintiff's motion to proceed <u>in forma pauperis</u> be denied, and that his action be dismissed.

## I.  BACKGROUND

Plaintiff alleges that defendant made misrepresentations and defrauded him regarding royalties from oil and gas leases that he owns. (D.E. 1-2).

**A.     Plaintiff's Claims.**

Plaintiff testified that his family has owned land for several generations in various Texas counties that had leases for oil and gas. He claims that he inherited his property from his paternal grandfather through his father.

In his motion, plaintiff asserts that he is a "first tier in civil action C-98-048 and C-98-130 and I am a federal Stockholder that has never been paid any annuities, nor any royalties of any kind." (D.E. 1, at 1). Specifically, he testified that he is a class member of two lease oil antitrust litigation class actions that were filed in this Court: The McMahon Foundation, et al. v. Amerada Hess Corp., et al., No. C-98-048 and The McMahon Foundation, et al. v. Oxy USA, Inc., et al., No. C-98-130. (D.E. 6, at 24). First-tier royalty claimants have specific enunciated rights pursuant to the proposed settlement agreement. Id. at 32-33. On May 10, 1999, this Court accepted the settlement. See generally In re Lease Oil Antitrust Litig. (No. II), 186 F.R.D. 403 (S.D. Tex. 1999).

Plaintiff provided the Court with a Statement of Windfall Profits Tax – Oil Removed from Scurlock Oil Company for 1985 that listed him as the property owner. (D.E. 6, at 1). He indicates that this statement specifically concerns lease # 14594. He asserts that he has other lease rights in his name. For example, he provided a Division Order dated October 3, 2002 concerning lease # U4327375 on property named Fannie Armstrong (07695)[1] that is approximately 88.75 acres in Fayette County, Texas. Id. at 19. Plaintiff is listed as one of the many owners of the lease rights to this property. Id. at 22. In his complaint, he also alleges

---

[1] Plaintiff explained that Fannie Armstrong is his great-great grandmother.

ownership of lease # 02778.  (D.E. 1-2).

Plaintiff claims that defendant and his company JDMI, LLC are the administrator of his various lease rights.  JDMI is engaged in royalty management located in Corpus Christi, Texas.  (D.E. 6, at 3).  Neither defendant nor JDMI were among the settling defendants in the two class actions of which plaintiff indicates he is a member.  Lease Oil Antitrust Litig., 186 F.R.D. at 408 n.4.

Plaintiff asserts that defendant has failed to provide him with royalties to which he is owed.  Plaintiff admits that he has never had any dealings with defendant or JDMI besides some correspondence.  This correspondence is a letter dated May 5, 2005 from defendant on JDMI letterhead offering to purchase all of the interests in oil, gas, and mineral royalties from lands located in Fayette County.  Id. at 2.  The offer, however, is made to Lamar Satterwhite, Jr. as opposed to plaintiff.  Id. at 2-4.  Lamar Satterwhite, Jr. is also listed as an owner of lease rights on the property named Fannie Armstrong (07695) in Fayette County.  Id. at 23.  Plaintiff indicated this person was his brother.[2]

In his one-page complaint, plaintiff seeks an order dissolving of defendant's

---

[2] Plaintiff also provided copies of a docket sheet from the Waco Division of the Western District of Texas in Betty Barwise McLean v. James H. Davis d/b/a JD Minerals, et al., No. 6:00-cv-009-WSSM (W.D. Tex.).  (D.E. 6, at 5-18).  He asserts that this action establishes that defendant is an administrator of his lease rights because when lease # 14594 is searched this action is found.

administration of lease # 14594 and lease # 02778. (D.E. 1-2). He further requests the "release [of] any and all other related properties, monies, securities, stocks, [and] bonds" related to these lease numbers. Id.

In addition to his complaint, plaintiff filed a one-page motion for summary judgment. (D.E. 1-3). In this motion, he requests that administrator of his leases be discharged and that he be appointed as administrator. Id. He also seeks the "release [of] all monies pretaining [sic] to Civil Action NO. C-98-048 and C-98-130 to the plaintiff." Id.

B.  **Plaintiff's Application to Proceed In Forma Pauperis.**

A hearing was held regarding plaintiff's pending motion on Monday, June 18, 2007. At that hearing, he testified that he has limited monthly income. He is currently unemployed and last worked in 2002 at Fort Sam Houston in San Antonio as kitchen personnel earning about $500 per week. His common law wife is also unemployed having also last worked in 2002 at Fort Sam Houston in San Antonio as kitchen personnel earning about $700 per week.

Plaintiff has four children, but only one is a minor. He does not support his three oldest children. His youngest, a seventeen-year old son, resides with his sister. He pays money to his sister to assist her in raising this son. For May 2007 through the date of his hearing, he estimated that he had provided his sister with

about $1000.  Similarly, for April 2007, he estimated that he had provided her about $500.

Plaintiff testified that he and his wife are currently homeless.  They reside with various relatives for periods of time in the San Antonio area.  For purposes of this litigation, he lists a San Antonio address where his sister resides.

Plaintiff has a banking account with approximately $3500.  He also owns a 1988 Chrysler New Yorker, which he describes as not running well and values at $300 to $500.

Plaintiff estimates that he spends about $300 per month for gasoline.  He spends about $200 per month for food.  He does not have any expenses for utilities, or credit cards.  However, he does have a student loan with a balance of $300 owed.  He and his wife receive about $330 to $340 per month in food stamps.  He testified that he receives $417 per month in SSI benefits and $329 per month in social security benefits, but that the latter is reduced by $98 per month for Medicare insurance.

## II.  DISCUSSION

**A.     Actions Filed <u>In</u> <u>Forma</u> <u>Pauperis</u> Must Satisfy 28 U.S.C. § 1915(e)(2)(B).**

Plaintiff filed an application with the Court to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, which would allow him to file his action without paying the filing fees:

> any court of the United States may authorize the commencement, prosecution, or defense of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1); see also Gay v. Tex. Dep't of Corr., 117 F.3d 240, 241 (5th Cir. 1997) (non-prisoner plaintiffs may file actions without paying a filing fee). Even if a person is indigent, however, that person may be limited in proceeding in forma pauperis. The statute further provides that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> \* \* \*
> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also Siglar v. Hightower, 112 F.3d 191, 193 (stating that a complaint may be dismissed if it lacks an arguable basis in law or fact).

Plaintiff's pro se complaint is to be construed liberally and its well-pleaded allegations accepted as true. Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) (citation omitted). "Even a liberally construed *pro se* civil rights

6

complaint, however, must set forth facts giving rise to a claim on which relief may be granted." Id. (citing Levitt v. Univ. of Tex. at El Paso, 847 F.2d 221, 224 (5th Cir. 1988)). In Siglar, the court explained that "[a] complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." 112 F.3d at 193 (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The Fifth Circuit has also held that "[a] district court may dismiss an in forma pauperis proceeding as frivolous ... whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir. 1991) (per curiam) (citations omitted); see also Booker v. Koonce, 2 F.3d 114, 116 (5th Cir. 1993) (dismissing an arrestee's in forma pauperis civil rights claims against district attorney and city as facially frivolous).

**B.     Plaintiff Lacks Jurisdiction In Federal Court.**

   **1.     Diversity Jurisdiction.**

This Court may exercise diversity jurisdiction over an action where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). Plaintiff has indicated that he is a Texas resident. Moreover, he has provided documentation indicating that defendant is also a Texas

resident. (D.E. 6, at 2-4). Both plaintiff and defendant are Texas residents for diversity purposes. See Teal Energy USA, Inc. v. GT, Inc., 369 F.3d 873, 882 (5th Cir. 2004). Accordingly, it is respectfully recommended that this Court cannot exercise diversity jurisdiction over plaintiff's action.

### 2.     Federal Question Jurisdiction.

Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; accord Hart v. Bayer Corp., 199 F.3d 239, 243 (5th Cir. 2000) (citations omitted).

In the two class actions of which plaintiff purports to be a member, "[t]his Court exercised [] federal question jurisdiction over the federal antitrust claims." In re Lease Oil Antitrust Litig., 186 F.R.D. at 417 (citation omitted). In addition to federal antitrust claims, many of those class actions also contained state law common law and statutory claims over which this Court exercised supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Id. at 417-18. This Court explained that claims for fraud were state common law claims. Id. at 417.

Texas state courts have jurisdiction to handle plaintiff's common law claims of fraud and misrepresentation. See generally Hahn v. Whiting Petroleum Corp., 171 S.W.3d 307 (Tex. App. 2005) (alleging breach of fiduciary duty and constructive fraud); Singleton v. Donalson, 117 S.W.3d 516 (Tex. App. 2003)

(alleging fraud, conversion, and breach of fiduciary duty regarding oil and gas royalties).  Similarly, to the extent, plaintiff is asserting that defendant withheld royalty payments from him, such a claim may be brought in Texas state court.  See Bright & Co. v. Holbein Family Mineral Trust, 995 S.W.2d 742 (Tex. App. 1999); Koch Oil Co. v. Wilber, 895 S.W.2d 854 (Tex. App. 1995); Northern Natural Gas Co. v. Vanderburg, 785 S.W.2d 415 (Tex. App. 1990).  Indeed, Texas statutes provide a claim for the nonpayment of oil and gas royalties.  See Tex. Nat. Res. Code. Ann. § 91.404.

In his complaint, plaintiff does not point to any federal statute that establishes jurisdiction for his claim against defendant.  (D.E. 1-2).  Plaintiff does not allege a claim for any rights that he may have under the settlement in the two class actions of which he claims he is a member.  Instead, he seeks to sue defendant for fraud and misrepresentation related to his administration of royalties from plaintiff's oil and gas lease rights.  (D.E. 1-2).

Accordingly, it is respectfully recommended that plaintiff has failed to establish that this Court has federal question jurisdiction.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that plaintiff's motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> be denied, and that his action be dismissed.

Respectfully submitted this 5th day of July 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto Ass'n.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).